IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                Plaintiff,

v.

BELINDA SCHRUBBE, MARY GORSKE, and
CHARLES LARSON,

                Defendants.

OPINION & ORDER

14-cv-540-jdp

---

*Pro se* plaintiff Roger Allen Cose, a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Stanley Correctional Institution, has filed a complaint alleging that members of the Waupun Correctional Institution Health Services Unit failed to provide plaintiff adequate medical care and caused him unnecessary pain when he was previously housed there. Plaintiff paid the filing fee in full.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. When screening a *pro se* litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Now that I have considered plaintiff's allegations, I will dismiss plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8 and allow him the opportunity to amend his complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

Plaintiff alleges that in 2003, while incarcerated at the Waupun Correctional Institution, he experienced extreme left leg pain. Mary Gorske, a nurse practitioner at the institution, X-rayed plaintiff's left leg. It appears that no one discussed the results of the X-rays with plaintiff. However, the health center gave plaintiff a "lift" and special shoes meant to treat his left leg, which is shorter than his right. Plaintiff requested pain medication, but health services informed him that he would need to purchase Tylenol from the canteen with his own money. Plaintiff had a low bunk restriction for an unknown amount of time at Waupun, presumably because of his left leg pain, "until health services at Waupun decided [he] was able to climb up and down[.]" Dkt. 1, at 3. Plaintiff indicates that he remained in extreme pain during this time.

Years later, in 2011, the Department of Corrections transferred plaintiff to the Stanley Correctional Institution. Plaintiff reported that he experienced extreme left leg pain and that it was difficult for him to climb into an upper bunk; plaintiff received a low bunk restriction. Two years later, plaintiff returned to health services and complained of ongoing left leg pain. X-rays revealed an "overriding fracture." Plaintiff informed the nurse practitioner that he had had X-rays taken in 2003, and the nurse practitioner informed plaintiff that "this type of break had been there since at least then." Dkt. 1, at 4.

Plaintiff alleges that the three named defendants "allowed [him] to walk around in pain with a fracture[d] fibula" for years. Plaintiff appears to hold defendant Gorske responsible for his pain because she administered the 2003 X-rays. Plaintiff alleges that defendant Belinda Schrubbe, RN, should have known about plaintiff's fractured fibula because she was responsible for reviewing plaintiff's file when he requested the lower bunk

2

restriction and because she was the Waupun Health Services Unit supervisor. Plaintiff alleges that defendant Charles Larson, MD, also should have known about plaintiff's fractured fibula because he supervised Gorske. Plaintiff alleges that defendants failed to provide adequate medical care, caused plaintiff to suffer unnecessary pain, and forced plaintiff to climb into an upper bunk and purchase his own pain medication.

ANALYSIS

It appears that plaintiff alleges an Eighth Amendment deliberate indifference claim for failure to provide adequate medical care, pursuant to 42 U.S.C. § 1983.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent to such a need, he or she must know of the need and disregard it. *Id*. at 834. But "the Eighth Amendment is not a vehicle for bringing claims for medical malpractice." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). A plaintiff must demonstrate more than mere negligence by defendant. *Farmer*, 511 U.S. at 835.

Although plaintiff has alleged that he suffered from a serious medical need—namely, a fractured fibula—his allegations concerning defendants' deliberate indifference are vague. Plaintiff implicates defendant Gorske because she took the 2003 X-rays; however, he does not say what she did that constituted deliberate indifference necessary to sustain an Eighth Amendment claim. Similarly, plaintiff implicates defendants Schrubbe and Larson because they supervised Gorske and were allegedly aware of his condition. However, plaintiff does not specifically say how Schrubbe and Larson were involved, what they knew, or what they did that would rise to the level of deliberate indifference. Supervisors may be liable under section 1983 for their subordinates' actions only if they acted "knowingly or with deliberate indifference." *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 870 (7th Cir. 2011).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Because plaintiff's complaint does not satisfy Rule 8's standard for pleading an Eighth Amendment claim, I will dismiss the complaint and allow plaintiff to file an amended complaint that clarifies his deliberate indifference allegations and provides fair notice to the defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to an audience who knows nothing about his situation. He must include specific factual allegations that identify what each individual defendant did to rise to the level of deliberate indifference.

As a final point, plaintiff's allegations stretch back over 12 years. The applicable statutes of limitation may bar some of plaintiff's claims. However, I will not address this issue until plaintiff has clarified his claims in an amended complaint that satisfies Rule 8.

ORDER

IT IS ORDERED that:

1. Plaintiff Roger Allen Cose's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until December 7, 2015, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered November 13, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge