IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                                                                            ORDER
                          Plaintiff,

          v.                                                        14-cv-540-jdp

MARY GORSKE and
CHARLES LARSON,

                          Defendants.

---

On December 22, 2015, I granted pro se plaintiff Roger Allen Cose leave to proceed with his Eighth Amendment deliberate indifference claim for failure to treat a fractured fibula as alleged against defendants Mary Gorske and Charles Larson; I denied plaintiff leave to proceed against Belinda Schrubbe. Dkt. 6. Now plaintiff moves the court to reconsider its decision to dismiss Schrubbe from this case. Dkt. 11. For reasons discussed here, I will deny plaintiff's motion.

In support of his motion for reconsideration, plaintiff alleges that Schrubbe *did* know about plaintiff's serious medical condition (a fractured fibula), disregarded it, and, in so doing, deprived plaintiff of important medical treatment. Plaintiff claims that Schrubbe learned about plaintiff's fractured fibula when defendant Gorski filed a "Prior Authorization for Non-Urgent Care" and attached plaintiff's X-rays; Schrubbe received a copy of the documents. Plaintiff argues that Schrubbe should have authorized appropriate medical treatment after she reviewed these forms.

The forms Schrubbe allegedly received requested left shoe lifts for plaintiff to treat his left leg pain. The forms documented plaintiff's severe left lower extremity injury (from 1976) and the surgeries that followed. The forms indicated that plaintiff had been using a left shoe

lift before his incarceration with the DOC and that he wanted to use a lift again. Significantly, it appears that the person who reviewed the request (not Schrubbe, although I am unable to make out the signature) approved it.

Even if I were to assume that Schrubbe had the opportunity to review plaintiff's X-rays, as plaintiff now claims, plaintiff still has not articulated how Schrubbe was deliberately indifferent to his severe medical need. Plaintiff has not alleged any facts that tend to suggest that Schrubbe made any decisions or took any actions (or lack thereof) that would constitute deliberate indifference to plaintiff's medical needs. To the contrary, it does not appear the Schrubbe played any direct role in plaintiff's treatment, or lack thereof. The "new" information plaintiff has submitted in support of his motion for reconsideration simply indicates that Schrubbe had the opportunity to review a request for non-urgent care to treat plaintiff's leg pain and the approval of that request. Plaintiff has not offered any new facts sufficient to state an Eighth Amendment claim directly against defendant Schrubbe in her individual capacity.

Plaintiff also attempts to implicate Schrubbe in her supervisory capacity. However, as was the case previously, plaintiff's allegations are vague and conclusory. The fact that Schrubbe is generally "responsible for the proper training of staff" is not enough to show that Schrubbe "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 273-74 (7th Cir. 1986). Because plaintiff has not offered new facts sufficient to establish that Schrubbe purposefully or recklessly deprived him of adequate medical care, he has failed to state an Eighth Amendment deliberate indifference claim against Schrubbe based on her role as supervisor.

Plaintiff's motion for reconsideration also includes allegations concerning his requests for ibuprofen, the fact that health services required him to purchase his own ibuprofen, and the fact that his file contained photocopies rather than originals. As I previously held, none of these tangential factual allegations gives rise to an independent claim for relief or directly implicates any of the named defendants.

ORDER

IT IS ORDERED that plaintiff Roger Allen Cose's motion for reconsideration of the court's December 22, 2015, screening order, Dkt. 11, is DENIED.

Entered February 5, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3