IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                      Plaintiff,

  v.

MARY GORSKE and CHARLES LARSON,

                      Defendants.

OPINION & ORDER

14-cv-540-jdp

---

      On December 22, 2015, I granted pro se plaintiff Roger Allen Cose leave to proceed with his Eighth Amendment deliberate indifference claim for failure to treat a fractured fibula, as alleged against defendants Mary Gorske and Charles Larson. Now defendants have moved to dismiss plaintiff's claim as untimely. Dkt. 12. Defendants contend that plaintiff's claim is barred by the applicable statute of limitations. Plaintiff responds that his claim did not accrue until February 2013, when a nurse practitioner at the Stanley Correctional Institution informed him that he had been suffering from an overriding fibula fracture since at least October 2003. I will deny defendants' motion because plaintiff alleges an ongoing injury that continued as long as defendants refused the needed treatment.

## BACKGROUND

      I have discussed the relevant background and plaintiff's allegations in previous orders, and I will not repeat everything here. To summarize, plaintiff alleges that defendants knew in October 2003 that he had fractured his fibula, but they failed to properly treat the fracture, causing plaintiff to experience unnecessary, ongoing pain. In February 2013, plaintiff learned

that he had fractured his fibula and that the fracture had been visible on X-rays since at least October 2003. Plaintiff filed suit in this court on August 4, 2014.

Plaintiff has submitted new facts and documents in support of his opposition to defendants' motion, including medical records. But I cannot consider these documents when evaluating a Rule 12(b)(6) motion to dismiss, which challenges the sufficiency of the pleadings. Regardless, the documents are not relevant to the statute of limitations inquiry.

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Defendants contend that plaintiff's claim is barred by the applicable statute of limitations. 42 U.S.C. § 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Accordingly, I apply Wisconsin's six-year statute of limitations for personal rights claims. Wis. Stat. § 893.53; *see also Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Plaintiff filed suit on August 4, 2014; for his claim to be timely, it must have accrued—in other words, the statute of limitations must have started running—no earlier than August 4, 2008.

Although Wisconsin's limitation period applies, federal law governs when plaintiff's claim accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v.*

*Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). Generally speaking, "[s]ection 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (citations and internal quotation marks omitted). But no single, one-size-fits-all accrual rule applies to all § 1983 claims; rather, "we use the rule that applies to the common-law cause of action most similar to the kind of claim the plaintiff asserts." *Devbrow v. Kalu*, 705 F.I gues3d 765, 767 (7th Cir. 2013). Because Eighth Amendment deliberate indifference claims alleging medical error are most analogous to common law medical malpractice claims, "[t]he statute of limitations for a § 1983 deliberate-indifference claim brought to redress a medical injury does not begin to run until the plaintiff knows of his injury and its cause." *Id.* at 766, 768.

The basic principles are illustrated in a pair of Seventh Circuit decisions. In *Devbrow*, prison medical staff delayed in ordering a prostate biopsy for the plaintiff. The Seventh Circuit held that the plaintiff's deliberate indifference claim against the prison officials accrued when the plaintiff learned that he had prostate cancer and that it had metastasized beyond treatment, a progression attributable to the prison officials' delay. Up until that point, the plaintiff had no way of knowing that he had incurred an injury attributable to the defendants' deliberate indifference. Compare that case with *Givens v. Luedtke*, where the plaintiff alleged that a prison dentist unconstitutionally delayed in treating him. 587 F. App'x 979, 980 (7th Cir. 2014), *reh'g denied*, (Jan. 12, 2015). The Seventh Circuit held that the plaintiff's deliberate indifference claim accrued when he knew that he had a painful mouth injury that required a specialist's attention. *Id.* The court distinguished *Givens* from *Devbrow* because unlike Devbrow and his undiagnosed cancer, Givens knew that his mouth was seriously damaged after a two-month delay in treatment, even though Givens did not learn

3

that the defendants had *caused* the severe injury until two years later. Givens was aware of his injury and that defendants' deliberate indifference (i.e., the delay in treatment) caused the injury years before he received a formal diagnosis.

Ongoing injuries such as those alleged in this case pose a special situation. Consider a third case, *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001), with facts that are analogous to those giving rise to plaintiff's claim. In *Heard*, the plaintiff alleged that prison officials delayed in treating his hernia. After months of complaining of pain and unsuccessfully demanding medical attention, a doctor finally diagnosed a ruptured hernia and recommended surgery. *Heard*, 253 F.3d at 317. The Seventh Circuit held that the plaintiff had alleged a continuing constitutional violation and that his injury continued "for as long as the defendants had the power to do something about his condition[.]" *Id.* at 318. "Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Id.* In other words, when deliberate indifference continues over a period of time, "the statute of limitations does not start to run *any earlier* than the last day of the ongoing injury." *Devbrow*, 705 F.3d at 770 (emphasis in original).

Here, plaintiff's alleged injury is the ongoing pain that he has experienced since October 2003. He alleges that from 2003 to 2011, he continually complained to Gorske and Larson that he was experiencing "overwhelming pain and swelling to his lower left leg." Dkt. 15, at 5. Plaintiff alleges that the pain "did not subside for the whole duration of his stay at WCI[.]" *Id.* at 6. Assuming that defendants had been deliberately indifferent to plaintiff's severe medical need since October 2003, as plaintiff alleges, plaintiff's claim renewed each day that defendants Gorske and Larson did not treat his fractured fibula.

Plaintiff's claim accrued sometime in 2011, when the DOC transferred plaintiff to Stanley Correctional Institution and defendants were no longer responsible for his treatment. Plaintiff's claim is timely, and I will deny defendants' motion to dismiss.

ORDER

IT IS ORDERED that defendants Mary Gorske and Charles Larson's motion to dismiss, Dkt. 12, is DENIED.

Entered April 18, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge