IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                      Plaintiff,

  v.                                                             ORDER

MARY GORSKE and CHARLES LARSON,               14-cv-540-jdp

                      Defendants.

---

On December 22, 2015, I granted pro se plaintiff Roger Allen Cose leave to proceed on an Eighth Amendment claim against Mary Gorske and Charles Larson for failure to treat a fractured fibula. Now Cose moves to strike defendants' affirmative defenses. Dkt. 21. Because Cose has not demonstrated that the affirmative defenses stand to prejudice him, I will deny the motion.

BACKGROUND

I have discussed the relevant background and Cose's allegations in previous orders, and I will not repeat it in full here. To summarize, Cose alleges that defendants knew in October 2003 that he had fractured his fibula, but they failed to properly treat the fracture, causing Cose to experience unnecessary, ongoing pain. In February 2013, Cose learned that he had fractured his fibula and that the fracture had been visible on X-rays since at least October 2003.

ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). In evaluating a motion to strike, courts should resolve any doubts in favor of the non-moving party. *Rozema v. Marshfield Clinic*, No. 96-cv-592, 1997 WL 416292, at *17 (W.D. Wis. Mar. 10, 1997). The moving party—here, Cose—bears the burden to show "that the challenged allegations are so unrelated to plaintiff's claim[s] as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotation marks omitted).

Defendants assert seven affirmative defenses: (1) Cose has failed to state a claim upon which relief can be granted; (2) defendants are entitled to qualified immunity; (3) defendants are not personally responsible for the alleged violations; (4) Cose's claims are subject to Wis. Stat. § 893.82; (5) any damages Cose sustained were caused by intervening and/or superseding events; (6) the case is subject to the Prison Litigation Reform Act (PLRA); and (7) Cose failed to mitigate his damages. Dkt. 19, at 7-8. Cose appears to move to strike all seven, although he concedes that this case is subject to the PLRA, and he has not offered any arguments specific to the seventh defense.

Cose's approach is flawed. Cose's arguments—specifically those regarding affirmative defenses two, three, and five—assume that his allegations are true and undisputed and that he has, essentially, already proven his case. Although I have already determined that Cose's claims against defendants comply with Rule 8 and are not, on their face, time barred, Dkt. 6

2

and Dkt. 18, I have not determined that his allegations are true or that defendants are liable for the alleged violations. Cose's motion argues the *merits* of his claims, but these arguments are premature. Whether defendants may be entitled to qualified immunity and whether they are responsible for the alleged violations remains to be seen. The parties are still engaging in discovery and preparing to file dispositive motions. Cose has not explained how any of the affirmative defenses are devoid of merit or will prejudice him, and I will deny his motion.

As for defendants' first defense, Cose contends that defendants have already had their shot at a Rule 12(b)(6) motion, and they lost. Cose is, practically speaking, not wrong. Defendants filed a Rule 12(b)(6) motion to dismiss, and I determined that Cose's complaint was legally sufficient. Dkt. 18. But defendants make a valid point: although it seems unlikely at this point that they could successfully contend that Cose's complaint does not state a claim upon which relief can be granted, discovery may reveal that Cose's claims are, in fact, time barred. Because Cose has not demonstrated that this affirmative defense is devoid of merit or how it stands to prejudice him, I will deny his motion.

And finally, Cose has not given me a reason to strike defendants' affirmative defense regarding Wis. Stat. § 893.82. True, defendants' opportunity to file a motion for summary judgment based on Cose's failure to exhaust his administrative remedies has come and gone. But nothing in the pretrial scheduling order prohibits defendants from raising issues under Wis. Stat. § 893.82 at a later date. I will deny this final aspect of Cose's motion to strike.

The bottom line is that at this relatively early stage in the case, none of defendants' affirmative defenses are so totally devoid of merit or unduly prejudicial that striking them would be appropriate.

ORDER

IT IS ORDERED that plaintiff Roger Allen Cose's motion to strike, Dkt. 21, is DENIED.

Entered October 3, 2016.

BY THE COURT:

_/s/_____
JAMES D. PETERSON
District Judge