IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                Plaintiff,                     ORDER

   v.

                                         14-cv-540-jdp

MARY GORSKE, et al.              App. Nos. 18-1550 and 18-1810

                Defendants.

---

Judgment was entered in this case on February 12, 2018, after I entered an order granting defendants Mary Gorske's and Charles Larson's motion for summary judgment. Dkt. 62 and Dkt. 63. On April 9, 2018, I entered an order denying plaintiff Roger Allen Cose's motion to alter or amend judgment. Dkt. 79. Now Cose has filed a notice of appeal and an amended notice of appeal. Dkt. 67 and Dkt. 81. Cose requests leave to proceed *in forma pauperis*. Dkt. 75.

Cose technically has filed two separate appeals. However on April 18, 2018, the United States Court of Appeals for the Seventh Circuit issued an order that says Cose does not owe an additional filing fee for his amended appeal.

This case is governed by the Prison Litigation Reform Act (PLRA), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. 28 U.S.C. § 1915(b). From the financial information that Cose provides, Dkts. 75–77, I find that he lacks sufficient means to prepay the entire $505 appellate docketing fee for his appeal. It does not appear that Cose has filed his appeal in bad faith or that pauper status is otherwise precluded by Federal Rule of Appellate Procedure 24(a), so I will grant Cose's motion for leave to proceed *in forma pauperis*.

Although Cose may proceed *in forma pauperis*, the PLRA requires indigent inmates to make an initial partial payment pursuant 28 U.S.C. § 1915(b)(1). From his inmate trust fund account statement, the court has calculated that Cose must make an initial partial filing fee payment of $22.22 for this appeal, which is due no later than May 16, 2018. Cose must pay the remainder of the $505 appellate docketing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

Cose has also filed a motion for a court order to direct the Department of Corrections to take Cose's entire appeal filing fee from Cose's release account only. However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account. *Schlemm v. Wall*, No. 11-cv-272-wmc, 2016 WL 164643, at *2 (W.D. Wis. Jan. 13, 2016); *Mosby v. Wommack*, No. 08-cv-677-slc, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009). Cose cannot use the release account funds to pay the entire balance of the appeal fee, and so Cose's motion will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Roger Allen Cose's request for leave to proceed *in forma pauperis* on appeal, Dkt. 75, is GRANTED. The court certifies that Cose's appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

2. Cose may have until May 16, 2018, to submit a check or money order made payable to the clerk of court in the amount of $22.22 as an initial partial payment for his appeal.

3. If Cose fails to make his initial partial fee payment by May 16, 2018, the clerk's office will notify the court of appeals so that it may take whatever action it deems appropriate with respect to this appeal.

4. Cose's motion for use of release account funds to pay the entire appeal filing fee in this case, Dkt. 68, is DENIED. If Cose does not have the money to make the initial partial appeal payment from his regular account, he may arrange with prison authorities to pay some or all of the assessment from his release account.

Entered April 20, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge