IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                Plaintiff,

v.                                            ORDER

BELINDA SCHRUBBE,                    14-cv-540-jdp

                Defendant.

---

This case is on remand from the Court of Appeals for the Seventh Circuit to allow plaintiff Roger Allen Cose to proceed on a claim that defendant Belinda Schrubbe denied Cose's request to sleep on a lower bunk to accommodate a leg injury, in violation of the Eighth Amendment. The court of appeals affirmed the dismissal of other claims related to other prison staff's alleged failure to adequately treat a fractured fibula.

Cose has filed what he calls a "motion for reconsideration" of my order denying his motion for assistance in recruiting counsel, which he filed shortly after the remand. Dkt. 96 and Dkt. 99. The "motion for reconsideration" is more accurately called a renewed motion for assistance in recruiting counsel because he doesn't identify any errors in the previous order. Rather, he makes new arguments and cites new evidence in support of his view that the court should help him find a lawyer.

I denied Cose's previous request because he hadn't made reasonable efforts to find a lawyer on his own and because I wasn't persuaded that the case was too difficult for him to handle without a lawyer. Specifically, I noted that the case is relatively simple. Cose is proceeding on a single claim against a single defendant. The issue is a narrow one: whether Schrubbe consciously disregarded a substantial risk to Cose's health or safety by denying his

request to sleep on a lower bunk. As the court of appeals noted, Cose's theory is that his own medical records gave Schrubbe notice that he needed a lower bunk, so expert testimony is not necessarily required in this case. And Cose's court filings show that he is intelligent, understands the law, and is capable of gathering evidence, explaining his version of events in a declaration, filing motions, and making legal arguments in a brief. His legal skills are well above the average pro se litigant.

With his new motion, Cose has provided copies of several letters that he sent lawyers in June 2019. And each of those lawyers either declined to represent Cose or failed to respond. So I conclude that Cose has made reasonable efforts to find a lawyer on his own. But Cose still hasn't shown that he is unable to litigate the case on his own.

Cose says that he needs a lawyer for the following reasons: (1) access to the prison law library is limited; (2) he suffers from multiple health problems; (3) he has had difficulty persuading the court to accept his arguments; and (4) some evidence in this case has "disappeared." I will address each reason in turn.

First, many prisoners who file lawsuits would like to spend an unlimited amount of time in the law library. But a prisoner isn't entitled to that. And library restrictions don't necessarily mean that a prisoner needs counsel. Cose has been litigating the case in this court and in the court of appeals for five years. He does not allege that he has missed a deadline or has been unable to prepare a particular motion or other filing as a result of limited library access. If Cose has a court deadline that he believes he cannot meet because he doesn't have access to the library, he may file a motion with the court in which he asks for more time, so long as he includes the following information: (1) how his library access has been restricted; (2) how being denied library access is preventing him from preparing a court filing (in other words, why does

he need additional library access to prepare the document?); and (3) how much additional time he needs.

Second, Cose says that he has limited eyesight and suffers from arthritis. He also says that he suffers from several other health problems, including a fractured leg and GERD, but he doesn't explain how those conditions make it more difficult to litigate this case, so it isn't necessary to discuss them. As for his eyesight and arthritis, he says that he is blind in one eye (making it harder for him to read) and that the arthritis in his hands makes it difficult for him to write for "long periods of time." The conditions that Cose describes sound frustrating and challenging. But they are not new conditions. Cose has been dealing with them the entire time this case has been pending. Again, he cites no evidence that his health has prevented him from litigating the case so far. Particularly because the case is now limited to a single claim, I see no reason why that should change in the foreseeable future. If any of Cose's health conditions prevent him from meeting a particular court deadline, he is free to ask for an extension of time, so long as he explains how the condition is limiting him and he provides whatever medical evidence he has to support the request.

Third, Cose says that he was unable to convince the court why certain x-rays were so important to his claim, which shows that he needs help. This argument is misplaced. As an initial matter, the court of appeals affirmed the dismissal of the claim he is referring to, so it is no longer part of the case. And more important, a failure to persuade the court is not in itself evidence of ability level. Both this court and the court of appeals carefully considered the evidence in this case and concluded that the evidence did not show that medical staff had disregarded Cose's health. Cose's claims failed (other than the claim against Schrubbe) because the evidence didn't satisfy the legal standard under the Eighth Amendment, not because Cose

3

failed to adequately explain his claim. The fact that Cose *was* able to persuade the court of appeals to allow him to proceed on one of his claims is evidence that his legal skills are well above average.

Fourth, Cose says that x-rays relevant to his claim have "disappeared." Again, Cose's claim related to his x-rays has been dismissed and is not part of the case. The only remaining claim is that Schrubbe denied his request for a lower bunk. In any event, both this court and the court of appeals rejected Cose's contention that defendants were withholding the x-rays.

Cose relies on *Pennewell v. Par.*, 923 F.3d 486, 491 (7th Cir. 2019), but that case isn't instructive. The prisoner's claims in that case involved complex medical issues including retinal detachment, macular tears, virectomy, artificial lens implants, laser surgery, and artificial plug implants in the prisoner's tear ducts. Again, Cose's claim in this case is not nearly that complicated.

The bottom line is that the evidence before the court shows that Cose is capable of litigating this case without a lawyer. So I will deny his motion for assistance in recruiting counsel without prejudice. If circumstances change and it becomes clear that Cose cannot litigate the case on his own, he is free to renew his request at that time.

ORDER

IT IS ORDERED that plaintiff Roger Allen Cose's motion for assistance in recruiting counsel, Dkt. 99, is DENIED without prejudice.

Entered September 16, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge