IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                    Plaintiff,

  v.

BELINDA SCHRUBBE,

                    Defendant.

OPINION and ORDER

14-cv-540-jdp

---

Pro se plaintiff and prisoner Roger Allen Cose is proceeding on a claim that defendant Belinda Schrubbe (the health services unit manager of Waupun Correctional Institution) denied Cose's request to sleep on a lower bunk to accommodate a leg injury, in violation of the Eighth Amendment. Both sides have moved for summary judgment. Dkt. 110 and Dkt. 115. Because Cose has not submitted any evidence that Schrubbe was consciously disregarding any need Cose had for a lower bunk, I will grant Schrubbe's motion for summary judgment and deny Cose's motion.

ANALYSIS

Cose's claim against Schrubbe is that she failed to provide him with adequate medical care, in violation of the Eighth Amendment. Cose must show three things to prove his claim: (1) he had a serious medical for a lower bunk restriction; (2) Schrubbe knew that he had a serious medical need for a lower bunk restriction; and (3) despite knowing he had that need, Schrubbe consciously failed to take reasonable steps to help him. *See Lewis v. McLean*, 941 F.3d 886, 893 (7th Cir. 2019); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). To defeat Schrubbe's motion for summary judgment, Cose must show that a reasonable jury could find

in his favor on each of those elements. *See Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999).

I will assume that Cose needed a lower bunk. He alleges that he had a chronic injury to his lower left leg and that he "suffered greatly from an excruciating pain" in his leg and hip when he had to climb on to the top bunk, which was not equipped with a ladder. Dkt. 118, ¶ 8.

Cose's claim fails on the second and third requirements of his claim because he hasn't cited evidence that Schrubbe was aware that he needed a lower-bunk accommodation or that she was responsible for the lack of such an accommodation. In his complaint, Cose alleged that he asked Schrubbe to give him a lower-bunk accommodation, but she denied the request, despite knowing Cose's medical problems and the "great difficult[y]" he had getting to the top bunk. Dkt. 89-1, at 4. But Cose hasn't supported that allegation with any evidence. He cites documents showing that he had received a lower-bunk accommodation until March 2011 and then again from February 2012 to the present. Dkt. 133, at 6. But he doesn't cite any evidence either that Schrubbe was responsible for taking away that accommodation between March 2011 and February 2012 or that she even knew that he had lost the accommodation. In fact, the only involvement that Schrubbe appears to have had with this issue is that she initialed a memorandum in 2010 that *approved* a request for a lower-bunk accommodation. Dkt. 116-5. Cose says in his brief that Schrubbe recommended that the Special Needs Committee (the entity that considers prisoners' accommodation requests) deny Cose's request for a lower-bunk accommodation, Dkt. 133, at 4, but, again, he doesn't cite any evidence to support that allegation.

Neither side cites evidence that explains why Cose stopped receiving the accommodation in 2011. Schrubbe speculates that his accommodation may have "expired," Dkt. 127, at 4–5, but she cites no evidence for that. Regardless, Cose must come forward with evidence that Schrubbe was personally involved in denying him relief, or, in other words, that Schrubbe caused his harm. *See Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012). Cose has failed to do that.

Cose also has not cited evidence that he complained to Schrubbe after he lost the accommodation or that she was otherwise aware that he wasn't receiving an accommodation that he needed. *See Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999) (prison official cannot be held liable under the Constitution for prisoner's conditions of confinement if official doesn't have "actual knowledge" of the prisoner's conditions). On March 9, 2011, he complained to a nurse that his low-bunk accommodation had been taken away. Dkt. 134, ¶ 7. The nurse told him to file a health-service request to ask for a reassessment, Dkt. 129, ¶ 36, which he admits he failed to do, Dkt. 118, ¶ 8. *Cf. Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (granting summary judgment to defendants on prisoner medical-care claim when the prisoner "failed to formally request medical attention").[1]

Cose challenges the view that he should have complied with the nurse's direction to file a health-service request. He blames the nurse for failing to contact the Special Needs Committee herself to confirm whether the committee had concluded that Cose no longer

---

[1] Cose says that he didn't want to incur a $7.50 copay for another evaluation, Dkt. 118, ¶ 8, but "the imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

needed an accommodation. Dkt. 123, at 6. And he blames Schrubbe for failing to properly train the nurse to make such an inquiry. *Id.*

This line of argument fails for multiple reasons. First, Cose doesn't identify any policy that the nurse violated. He cites a provision in the inmate handbook about the Special Needs Committee, but that provision says nothing about the duties of nurses. Dkt. 116-18. Rather, the cited provision says exactly what the nurse told Cose: "Use a Health Service Request Form to submit [a] request to [the] Special Needs Committee." *Id.* Second, even if the nurse violated a policy, that is not the same thing as violating the Constitution. *See McCottrell v. White*, 933 F.3d 651, 668 (7th Cir. 2019). Third, even if the nurse had violated Cose's rights by failing to take additional action, Schrubbe cannot be held liable under the Constitution for someone else's conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). The parties don't point to specific evidence showing Schrubbe's authority over other nurses, but even if I assume that Schrubbe was responsible for training nurses on prison policy, Schrubbe couldn't be held liable for any inadequate training unless Cose could show that Schrubbe knew of a substantial risk that her failure to train would lead to constitutional violations. *See Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010) ("Without knowledge of the allegedly unconstitutional care that [an employee] provided, [a supervisor] cannot be liable by mere virtue of his supervisory status."). Cose hasn't made that showing.

Cose also cites a July 2011 appointment with health-services staff, in which he says he complained about hip pain. Dkt. 118, ¶ 7. He says that the pain was caused by climbing up to the top bunk, but he doesn't allege that he told staff the reason for his pain or that he repeated

4

his request for a lower-bunk accommodation. In any event, Schrubbe wasn't involved with this appointment, and there is no evidence that she knew about Cose's complaint of hip pain.

Cose cites statements from Schrubbe that it is her "normal practice" to review medical records of prisoners with special needs, Dkt. 116-16, at 1, and that she "recall[s] Cose having limitations and arthritis," *id.*, at 3. From this, Cose says that it is reasonable to infer that Schrubbe knew that he needed a lower-bunk accommodation. But knowing that a prisoner has medical issues is not the same as thing as knowing that a prisoner has a specific medical need. Again, Cose cites no evidence that he ever complained to Schrubbe about the difficulty he had climbing to the top bunk. And because there is no evidence that Schrubbe even knew that Cose had lost his accommodation, any general knowledge Schrubbe may have had about Cose's medical condition isn't sufficient to show that she violated the Eighth Amendment.

Finally, Cose relies on *Palmer v. Franz*, 928 F.3d 560 (7th Cir. 2019), as relevant precedent, but that case has no bearing on this one. The plaintiff in *Palmer* sought a low-bunk accommodation because he was missing his left hand, but the defendant denied the plaintiff's request. *Id.* at 562. The court of appeals held that a reasonable jury could find that the defendant had disregarded the plaintiff's serious medical need. *Id.* at 565. In this case, I am assuming that Cose had a serious medical need for a lower-bunk accommodation. The important difference between this case and *Palmer* is that Cose hasn't presented any evidence that Schrubbe denied a request for an accommodation or knew that he wasn't receiving an accommodation that he needed.

It is understandable that Cose became frustrated when he lost an accommodation that he'd had for years and didn't receive an explanation for the reason. But Schrubbe can't be held liable under the Eighth Amendment for a decision she didn't make or for failing to provide an

accommodation that she didn't know Cose needed. Because Cose hasn't presented evidence that Schrubbe was responsible for the failure to accommodate, I will grant her motion for summary judgment.

ORDER

IT IS ORDERED that plaintiff Roger Allen Cose's motion for summary judgment, Dkt. 115, is DENIED, and defendant Belinda Schrubbe's motion for summary judgment, Dkt. 110, is GRANTED. The clerk of court is directed to enter judgment in favor of Schrubbe and close this case.

Entered January 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge